## SMITH *v*. CITY OF WARREN.

1. MUNICIPAL CORPORATIONS—DEFECTIVE HIGHWAYS—NOTICE OF CLAIM.
   A person making a claim against a city for failure to maintain its roads properly must give notice of the claim within 60 days and specify the location and nature of the defect, the injury sustained, and the names of the witnesses known at the time by the claimant (CL 1948, § 242.8).

2. SAME—DEFECTIVE HIGHWAYS—SUFFICIENCY OF NOTICE OF CLAIM.
   A notice of claim against a city for injuries caused by improper maintenance of a road is defective in each statutory requirement where it lays an accident to a "defective and faulty road condition" and asserts that "physical, mental and property injuries and damages were sustained", all without specifics, fails to mention that there was a witness riding as a passenger in claimant's vehicle, and gives as the location of the defect a house address on the other side of the road and 40

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 38 Am Jur, Municipal Corporations §§ 673, 690–698.
[3] 38 Am Jur, Municipal Corporations § 674.

yards away, with neither distance nor direction of the defect from that address, and as further description gives the intersection of two roads without specifying near which of the 4 corners the defect was (CL 1948, § 242.8).

3. SAME—HIGHWAYS—DEFECTIVE MAINTENANCE—NOTICE OF CLAIM—LOCATION OF DEFECT.

A notice of claim against a city for injuries caused by improper maintenance of a highway is intended not only to allow officers of the city to investigate, but also to confine the claimant to a particular venue of the injury; while the entire notice must be considered to determine its sufficiency, it must contain a description of the place of the accident so definite as to enable the parties to identify the place from the notice itself, and the notice is insufficient when parol evidence is needed to determine both the place and the nature of the defect (CL 1948, § 242.8).

4. HIGHWAYS—DEFECTS—SUFFICIENCY OF NOTICE OF CLAIM.

A notice of claim for damages arising from defects in a highway should not be ruled ineffective when it is in substantial compliance with the law, but there cannot be substantial compliance when none of the 4 basic requirements of notice is present (CL 1948, § 242.8).

Appeal from Macomb; Gallagher (Edward J.), J. Submitted Division 2 May 3, 1967, at Detroit. (Docket No. 2,071.) Decided May 28, 1968.

Complaint by Julie K. Ortwein Smith against the City of Warren, a municipal corporation, for injuries sustained as a result of the failure of defendant city to maintain its street. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Kenneth C. Davies,* for plaintiff

*Sugar, Schwartz & Silver,* for defendant.

WEIPERT, J. Plaintiff brought an action against the city of Warren in the Macomb county circuit court, for injuries sustained due to failure by the

city to maintain a safe road. Plaintiff was involved in an automobile accident on January 21, 1965. Notice of her claim was served on defendant city on March 19, 1965, and action commenced on November 29, 1965. Thereafter defendant moved for summary judgment, claiming the statutory notice to be defective. Plaintiff appeals from the order of the circuit court granting defendant's motion.

The sufficiency of plaintiff's written notice to defendant city is the sole issue before us. The statute then in effect[1] required that such notice, to be given within 60 days from the happening of the injury, "specify the location and nature of said defect, the injury sustained, and the names of the witnesses known at the time by claimant."

The notice served by plaintiff on the city read as follows:

"Please be advised that we are the attorneys representing Julie K. Ortwein and hereby give notice to you of a pending claim on her behalf.

"Physical, mental and property injuries and damages were sustained as a result of an automobile accident on January 21, 1965 at Thirteen Mile Road and Hoover, near the address of 11480 Thirteen Mile Road.

"We consider the city of Warren to be responsible under the general highway law and ordinances for the defective and faulty road condition that caused this accident. As a result thereof losses were sustained by our client and other parties."

It will be immediately observed that the notice given does not purport to specify the "nature of the defect", as required by the statute. Plaintiff's later

---

[1] CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598).
The statute now in effect reads: "The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." PA 1964, No 170, effective July 1, 1965 (MCLA § 691.1404, Stat Ann 1968 Cum Supp § 3.996 [104]).

pleadings claim the cause of the accident to be a
large depression in the road and the north shoulder
of Thirteen Mile Road. Negligence of the city was
predicated on failure to maintain the road to avoid
the existence of such a depression, and on failure
to post a warning sign giving notice of a narrowing
of the road. But the notice only speaks in generali-
ties of a "defective and faulty road condition", which
could mean anything.

Nor does the notice specify "the injury sustained,
and the names of the witnesses known at the time
by claimant". Plaintiff's later pleadings claim in-
juries on her face and body by way of lacerations,
among other things. Such lacerations certainly were
immediately apparent; no possible excuse appears
for not specifying them in a notice given almost 60
days after the accident and after plaintiff's lengthy
hospitalization. The same is true of the failure to
comply with the statutory mandate as to witnesses,
there being in fact a passenger in plaintiff's vehicle.

As to 3 of the 4 required contents of the statutory
notice, then, the notice given by plaintiff could hardly
be more defective. Those requirements were totally
ignored. It remains to be considered whether
plaintiff complied with the first requirement, that
of specifying the location of the defect.

In fact the accident occurred on Thirteen Mile
Road, west of its intersection with Hoover Road,
the alleged road defect being on the north side and
shoulder of Thirteen Mile Road. The notice refers
only to "Thirteen Mile and Hoover, near the address
of 11480 Thirteen Mile Road." That address was
indeed the nearest landmark, but it was located on
the *south* side of Thirteen Mile Road, and some 40
yards away. The notice gave neither distance nor
direction from the stated address, nor the fact that
the claimed defect was on the other side of the road.

It fails to specify which of the four corners of the named intersection are involved. The direction in which plaintiff was travelling being unknown, it is obviously impossible to tell from this meager description where to begin looking, or to what claims plaintiff could be limited in subsequent litigation.

Of the great number of cases cited in the voluminous briefs it suffices to refer to a few, which in our opinion sufficiently elucidate the principle involved. In the recent case of *Dempsey* v. *City of Detroit* (1966), 4 Mich App 150, this Court held that a notice which identified an alleged defect as being at a given intersection was fatally deficient because it failed to indicate at which of the four corners of the intersection the alleged defect was located. The rationale of two leading Michigan cases, *Barribeau* and *Overton infra,* was expressly approved.

In *Barribeau* v. *City of Detroit* (1907), 147 Mich 119, 125, 126, the Supreme Court stated:

"The requirement that a notice be given is not alone for the purpose of affording the officers of the city opportunity for investigation. It is also for the purpose of confining the plaintiff to a particular 'venue' of the injury. In determining the sufficiency of the notice, excepting perhaps as to the time of the injury, the whole notice and all of the facts stated therein may be used and be considered to determine whether it reasonably apprises the officer upon whom it is required to be served of the place and the cause of the alleged injury. The nature of the defect stated may aid in locating the place, and the place may be stated with such particularity that a very general statement of the defect (cause of the injury) may be aided. But to be legally sufficient, a notice must contain a description of the place of the accident so definite as to enable the interested parties to identify it from the notice itself. * * * When parol evidence is required to determine both the

place and the nature of the defect, a reasonable notice has not been given to the city."

In *Overton* v. *City of Detroit* (1954), 339 Mich 650, 659, the Supreme Court states:

"Parol evidence was required in this case 'to determine both the place and the nature of the defect' and applying the test set forth in *Barribeau* v. *City of Detroit, supra*, there is but one conclusion, namely: A reasonable notice was not given to the city."

In *Ridgeway* v. *City of Escanaba* (1908), 154 Mich 68, the Court noted among other things that the description of the injury is a necessary portion of any notice given pursuant to the statute. The purpose of the statute is explained as follows (pp 72, 73):

"We must say that the legislature intended to give to defendants in such cases some protection against unjust raids upon their treasuries by unscrupulous prosecution of trumped-up, exaggerated, and stale claims, by requiring a claimant to give definite information to the city or village against whom it is asserted, at a time when the matter is fresh, conditions unchanged, and witnesses thereto and to the accident within reach. It is a just law, necessary to the protection of the taxpayer, who bears the burden of unjust judgments. It requires only ordinary knowledge and diligence on the part of the injured and his counsel, and there is no reason for relieving them from the requirements of this statute that would not be applicable to any other statute of limitation. We have never held a notice ineffective when it could reasonably be said to be a substantial compliance with the law, but we think that cannot be said of this notice."

We see little reason in the case before us for discussing the general subject of a liberal interpretation of notice statutes versus a literal or strict construction. Granting as in *Ridgeway, supra,* that

a notice should not be held ineffective when in "substantial compliance with the law", plaintiff's utter failure to follow any of the four major directives of the statute cannot conceivably be that. It is not our business, under the guise of liberal interpretation to prevent manifest absurdity and injustice, to read all meaning and purpose out of the statute. Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects, but to approve the notice given here would be to nullify the statute.

The entry of summary judgment[2] for defendant below is affirmed, with costs to appellee.

J. H. GILLIS, P. J., and T. G. KAVANAGH, J., concurred.

---

[2] See GCR 1963, 117.