# STATE OF MICHIGAN

# COURT OF APPEALS

ALBERT KOSIS,

        Plaintiff-Appellee,

v

CITY OF LIVONIA,

        Defendant-Appellant.

UNPUBLISHED
May 12, 2016

No. 326211
Wayne Circuit Court
LC No. 13-015060-NO

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant, the City of Livonia, appeals as of right an order denying its motion for summary disposition. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This appeal arises out of injuries sustained by plaintiff, Albert Kosis, while riding a motorized "minibike." On June 10, 2012, plaintiff was riding a minibike on Westfield Street in Livonia when he drove the minibike into a pothole, which caused him to summersault over the handlebars. After summersaulting over the handlebars and hitting the ground, plaintiff stood up, and a stranger walked over to assist him. The stranger offered to call an ambulance, but plaintiff refused the offer. Instead, plaintiff used the stranger's cell phone to call his cousin. While plaintiff was waiting for his cousin to arrive at the scene, he and the stranger discussed the street's condition.

Within 120 days of the accident, plaintiff sent to the city the statutorily required notice of his intent to sue. See MCL 691.1404. Plaintiff's notice stated, among other things, that "[t]here are no known witnesses to the actual accident."

Plaintiff subsequently filed this lawsuit against defendant under the highway exception to governmental immunity, MCL 691.1402(1). Defendant moved for summary disposition, arguing that it was immune from liability as defendant did not provide a sufficient notice pursuant to MCL 691.1404, as plaintiff did not list the name of a known witness. Specifically, defendant argued that although plaintiff did not know the stranger's name, plaintiff was still required to list the stranger as a known witness because the stranger witnessed the accident. Plaintiff, in response, asserted that the stranger was not a witness that was required to be listed

-1-

on the notice because the stranger did not witness the accident. Further, plaintiff argued that MCL 691.1404 did not impose a duty on plaintiff to discover the stranger's name.

After listening to arguments on defendant's motion, the trial court, ruling from the bench, determined plaintiff's notice was sufficient and denied defendant's motion for summary disposition. In doing so, the trial court stated, "plaintiff has never known the name of his purported witness and, thus, plaintiff's notice of intent did not violate the statute." This appeal then ensued.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(7). *McLean v Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013). MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law. *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009). To survive a motion raised on this basis, a plaintiff must allege facts warranting the application of an exception to governmental immunity. *Id*. In reviewing a motion for summary disposition under this subrule, a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010). A motion for summary disposition under MCR 2.116(C)(7) is properly granted when the undisputed facts establish that the moving party is entitled to immunity as a matter of law. *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

### B. DISCUSSION

"Except as otherwise provided, the governmental tort liability act (GTLA), MCL 691.1401 et seq., broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function." *Id*. The highway exception to governmental immunity is set forth in MCL 691.1402(1), and provides, in part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

" 'Highway' means a public highway, road, or street that is open for public travel." MCL 691.1401(c).

Before bringing suit, a claimant seeking to file a lawsuit against a governmental agency under the highway exception to governmental immunity is required to provide the notice

described in MCL 691.1404. *Burise v City of Pontiac*, 282 Mich App 646, 653; 766 NW2d 311 (2009). The statute provides, in relevant part:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and *the names of the witnesses known at the time by the claimant*. [MCL 691.1404(1) (emphasis added).]

Accordingly, before filing a complaint, a claimant must provide, within 120 days from the time of injury, "notice to the governmental agency that (1) specifies the exact location and nature of the defect, (2) identifies the injuries sustained, and (3) *provides the names of any known witnesses*." *Burise*, 282 Mich App at 653 (emphasis added).

Defendant contends that plaintiff's notice is deficient in one respect; that it failed to provide the name of a known witness—the stranger. In order for a person to be a known witness, the person first must be known to plaintiff, meaning that the plaintiff was aware of the witness. *Hussy v City of Muskegon Heights*, 36 Mich App 264, 270; 193 NW2d 421 (1971). Clearly, plaintiff was aware of the stranger. The stranger assisted plaintiff after he fell off his minibike, lent plaintiff his cell phone, and even discussed the problematic potholes with plaintiff.[1] Thus, there was no genuine issue of material fact regarding whether the stranger was known to plaintiff.

Although no genuine issue of material fact existed regarding whether the stranger was known to plaintiff, the stranger must have also been a witness. *Burise*, 282 Mich App at 653. While the word "witness" is not defined by statute, plaintiff relies upon *Rule v Bay City*, 12 Mich App 503, 506-507; 163 NW2d 254 (1968), as dispositive in determining whether the stranger was a witness for purposes of the notice requirements.

In *Rule*, the plaintiff tripped and fell on an allegedly defective sidewalk and brought suit against the defendant, Bay City. *Id*. at 505. The plaintiff sent the requisite notice to the city, but named no witnesses in the notice. *Id*. at 506. The city argued that the notice was insufficient because the plaintiff should have listed her daughter as a witness because she was sitting in the driver's seat of a car when the plaintiff fell within one foot of that car. *Id*. The plaintiff testified that her daughter saw the fall, but that her daughter could not see what caused the fall. *Id*. This Court determined under the predecessor statute that the plaintiff's testimony was inadequate to establish that her daughter was in fact a witness, and added that "[t]he mere presence of a person

---

[1] Plaintiff contends that the statements the stranger made are inadmissible hearsay. " 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Here, the statements made by the stranger were not being used to prove the truth of the matter asserted—that the stranger in fact had "blown out" a tire on the same pothole. Rather, they were presented to demonstrate that the words were said, indicating that plaintiff was indeed aware of the stranger.

at the scene of an accident does not make that person a witness." *Id*. at 506-507. Thus, the necessary implication of *Rule* is that to be considered a witness for purposes of MCL 691.1404, the person must have seen (1) the accident and (2) what caused the accident. *Id*.[2]

The existing record reveals that the stranger did not see the accident. Plaintiff testified that the stranger did not see him encounter the pothole and summersault over the minibike's handlebars because the stranger was "doing something in his yard or in his driveway" and "wasn't watching the road and witness[ing] [plaintiff]." While the evidence indicates that the stranger assisted plaintiff after the accident, nothing in the record indicates that the stranger actually saw the accident. Consequently, under *Rule*, the stranger was not a witness, and plaintiff was not required to name the stranger in his notice. Accordingly, plaintiff's notice was not insufficient for failing to include the name of the stranger as a known witness.

Defendant also contends, for the first time on appeal, that plaintiff's case should be dismissed for discovery violations pursuant to MCR 2.302(G)(4). However, this issue is not properly before this Court as it was not raised, addressed, and decided by the trial court. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). Because the issue was not raised in the trial court, we consider it waived. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

Affirmed. Plaintiff, having prevailed in full, may tax costs. MCR 7.219(A).

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

[2] To the extent *Rule* provides precedent for when a person is deemed a witness for purpose of the notice provision, we question the soundness of *Rule* as it places significant restrictions on the word "witness" that are not contained in the statute. The relevant definition of the term "witness" is "one who has personal knowledge of something." *Merriam-Webster's Collegiate Dictionary*, (11th ed). Personal knowledge of an accident involves more than just seeing the accident and the cause of the accident. And although *Rule* was decided over 45 years ago and addressed a prior version of the statute at issue, the current version of the statute contains substantially similar language and neither party requests that we reconsider *Rule.*