# STATE OF MICHIGAN

# COURT OF APPEALS

CATHERINE MILOT,

        Plaintiff-Appellee,

v

DEPARTMENT OF TRANSPORTATION,

        Defendant-Appellant.

FOR PUBLICATION
December 8, 2016
9:05 a.m.

No. 329728
Court of Claims
LC No. 12-000051-MD

Before: M. J. KELLY, P.J., and O'CONNELL and BECKERING, JJ.

O'CONNELL, J.

Defendant, Department of Transportation (the Department), appeals as of right the trial court's decision denying its motion for summary disposition under MCR 2.116(C)(7) (governmental immunity) and allowing the suit of plaintiff, Catherine Milot, to proceed. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2011, Milot was driving to work when her car struck an open or dislodged manhole cover, causing her vehicle to roll over. Milot required physical therapy and eventual surgery for related neck injuries. Milot also alleged that she subsequently suffered memory loss and forgot normal things she should remember, like her son's birthday and the way to get to work.

When Milot sent the Department her notice of intent to sue in May 2011, she included the names of witnesses at the scene of the accident, but she did not include the names of her friend Gail Gay or her daughter Ashley Anger. Milot testified at deposition that Gay saw Milot's overturned truck on her way to work but did not witness the accident. Gay assisted Milot by driving her home from the hospital and allowing Milot to follow her to work when Milot could not remember how to get there. Anger assisted Milot in a variety of ways, including eventually allowing Milot to live with her. Milot indicated in a later witness list and at her deposition that Gay and Anger could testify about the extent of her pain, suffering, and memory loss.

In June 2015, the Department moved for summary disposition under MCR 2.116(C)(7) on the basis of governmental immunity. The Department asserted that the highway exception to governmental immunity, MCL 691.1404, required Milot to identify Gay and Anger as potential witnesses in her notice of intent to sue because Gay and Anger had knowledge of the extent of

-1-

Milot's injuries after the accident. Milot responded to the motion by contending that MCL 691.1404(1) only required her to identify witnesses to the occurrence of the accident. According to Milot, because neither Gay nor Anger witnessed the accident, she properly did not include them on her notice of intent.

The trial court agreed with Milot, ruling that MCL 691.1404 did not require Milot to identify Gay or Anger in her notice of intent. The trial court reasoned that to be a witness for the purposes of MCL 691.1404, the individual "must have witnessed events related to the actual accident." Accordingly, the trial court denied the Department's motion for summary disposition.

The Department now appeals.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(7). *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law. *Id*. at 466. If reasonable minds could not differ on the legal effects of the facts, it is a question of law whether governmental immunity bars a plaintiff's claim. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

We review de novo the applicability of governmental immunity and the statutory exceptions to governmental immunity. *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

> When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself. When the language is unambiguous, we give the words their plain meaning and apply the statute as written. [*Rowland*, 477 Mich at 202.]

## III. ANALYSIS

The crux of the Department's argument is that the highway exception to governmental immunity requires a plaintiff to list in her notice of intent all witnesses to her injuries, regardless of whether those witnesses were present for or observed the actual incident. We disagree.

The governmental immunity act provides "broad immunity from tort liability to governmental agencies whenever they are engaged in the exercise or discharge of a governmental function . . . ." MCL 691.1401 *et seq.*; see *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 595; 363 NW2d 641 (1984). A plaintiff may only sue a governmental entity in tort if the suit falls within one of the enumerated statutory exceptions to governmental immunity. *Moraccini*, 296 Mich App at 392. This Court broadly construes the scope of governmental immunity and narrowly construes its exceptions. *Id*.

One of these exceptions is that a governmental agency with jurisdiction over a highway must maintain the traveled portion of the highway in reasonable repair. MCL 691.1402(1); *Glancy v City of Roseville*, 457 Mich 580, 584; 577 NW2d 897 (1998). But to sue the agency for

failing to maintain the highway in reasonable repair, the plaintiff must provide the agency with notice of the defect within 120 days of the injury:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in [MCL 691.1404(3)] shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) . . . If required by the legislative body or chief administrative officer of the responsible governmental agency, the claimant shall appear to testify, if he is physically able to do so, and shall produce his witnesses before the legislative body, a committee thereof, or the chief administrative officer, or his deputy, or a legal officer of the governmental agency as directed by the legislative body or chief administrative officer of the responsible governmental agency, for examination under oath as to the claim, the amount thereof, and the extent of the injury. [MCL 691.1404(1) and (2).]

The main purpose of this notice is "to provide the governmental agency with an opportunity to investigate the claim while the evidentiary trail is still fresh and, additionally, to remedy the defect before other persons are injured." *Burise v City of Pontiac*, 282 Mich App 646, 652; 766 NW2d 311 (2009) (quotation marks, citation, and brackets omitted). If the plaintiff does not include the name of a known witness in the notice, the plaintiff's notice is defective and the trial court should grant summary disposition. *Id*. at 655.

We conclude that, when read in context, these provisions indicate that the relevant witnesses under MCR 691.1404 are those persons who witnessed the "occurrence of the injury and the defect." In other words, the plaintiff must list on his or her notice of intent the names of those witnesses who have pertinent information about the accident itself, not all witnesses who have knowledge of the subsequently revealed extent of the plaintiff's injuries.

We must read the statute as a whole, and "statutory provisions are *not* to be read in isolation[.]" *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010). This Court reads the provisions of statutes "reasonably and in context" and reads subsections of cohesive statutory provisions together. *Id*. at 15. When words are grouped in a list, this Court gives the words related meanings. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 114; 754 NW2d 259 (2008).

MCL 691.1404(1) requires notice regarding "the *occurrence* of the injury and of the defect." When read in context, the witnesses mentioned later in this statutory section are thus those witnesses related to the occurrence of the injury itself. Additionally, the word "the" prefacing the word "occurrence" indicates that the occurrence occurs during a discrete period of time—namely, the time of the accident. The phrase "the names of the witnesses" is also part of a list. That list also includes the items "the exact location and nature of the defect" and "the injury sustained." Because these words are grouped in a list, we conclude that we should give the items

related meanings. Each of these items—the location, nature of the defect, injury sustained, and names of witnesses—refer to the accident itself.

Contrary to the Department's assertion, interpreting MCL 691.1404(1) as requiring the plaintiff to list the witnesses to the accident itself does not render meaningless MCL 691.1404(2)'s requirement that the plaintiff present his or her witnesses to testify should the agency so request. Because the purpose of the notice is to investigate the claim and remedy the defect, *Burise*, 282 Mich App at 652, the ability to call those witnesses to the accident itself may assist the Department in investigating the claim and, if necessary, remedying the defect before any similar injuries occur. The witnesses to the accident may be able to provide the Department with insight into the mechanism and severity of the injury at the accident site, thus giving the Department insight into the likelihood of reoccurrence and into the urgency of making any necessary repairs.

We find additional support in this Court's recent decision in *Streng v Bd of Mackinac Co Rd Comm'rs*, ___ Mich App ___, ___; ___ NW2d ___ (2016). This Court has recently held that we must construe MCL 691.1404 together with MCL 224.21(3) because these statutes are *in pari materia*. *Id*. at ___; slip op at 6-7. MCL 224.21(3) provides that the plaintiff must state the time and place where the injury occurred and "the names of any witnesses *to the accident* . . . ." (Emphasis added.) While this case does not concern county roads, we consider *Streng* to be persuasive. It would be contrary to logic to require the plaintiff to identify the witnesses to the accident when the accident occurs on county roads, but to not require the plaintiff to identify additional witnesses solely because the accident occurred on a non-county road.

Accordingly, we conclude that "the names of the witnesses" are the names of those persons who witnessed the occurrence. In this case, because neither Anger nor Gay witnessed the accident, MCL 691.1404(1) did not require Milot to identify them in her notice of intent.

Finally, we reject the Department's contention that the trial court inappropriately relied on *Rule v Bay City*, 12 Mich App 503; 163 NW2d 254 (1968), because that case was wrongly decided. In *Rule*, this Court held that "[t]he mere presence of a person at the scene of an accident does not make that person a witness." *Id*. at 506-507. In that case, the plaintiff's daughter was in a nearby car when the plaintiff tripped and saw the plaintiff fall, but the daughter did not see what caused the accident. *Id*. at 506. We need not decide whether *Rule* was correctly decided, and we decline to do so in this case. The statutory language of MCL 691.1404 supported the trial court's ruling. We need go no further to conclude that the trial court properly declined to grant summary disposition under MCR 2.116(C)(7) on the basis of a defect in Milot's notice of intent.

We affirm.

/s/ Peter D. O'Connell
/s/ Michael J. Kelly
/s/ Jane M. Beckering