# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA THOMAS,

       Plaintiff-Appellee,

v

CITY OF FLINT,

       Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 331054
Genesee Circuit Court
LC No. 15-105311-NO

Before: FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

In this action involving the highway exception to governmental immunity, MCL 691.1402, defendant appeals as of right the order denying its motion for summary disposition. Because plaintiff failed to provide defendant with notice of the "exact location" of the allegedly defective sidewalk as required by MCL 691.1404(1), we reverse and remand for entry of summary disposition in favor of defendant.

According to plaintiff, she tripped on a defective sidewalk in the City of Flint on August 17, 2013. On August 19, 2013, plaintiff submitted a damage claim form to defendant, asserting that she stepped into a hole on the sidewalk and "fell on [her] face." The specific location of the incident was identified as "M.L.K. – BRIDGE over FLINT RIVER." On November 12, 2013, and January 10, 2014, plaintiff's attorney sent defendant notice of injuries sustained by plaintiff when she "tripped and fell due to cracked, uneven, raised, and broken concrete, on the sidewalk." Both notices described the location as "Flint River Park, on Martin Luther King, south lane sidewalk on the bridge over the river. Photos attached." The attached photographs consisted of two photographs taken on August 20, 2013, the first depicting a sidewalk repaired with several patches of asphalt, and the second providing a closer view of two or three of the patches.

On August 13, 2015, plaintiff filed suit against defendant, alleging in her complaint that defendant breached its duty to keep its streets and sidewalks in reasonable repair and safe for public travel. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (8). Defendant maintained that summary disposition was proper because plaintiff failed to provide adequate presuit notice of the purported defect as required by MCL 691.1404(1). Specifically, defendant argued that the notices were deficient because Martin Luther King Avenue did not cross over the Flint River, and thus the identified location did not exist. Defendant further argued that the attached photographs did not cure the deficiency because the

-1-

photos depicted multiple areas of patched sidewalk, without precisely identifying the allegedly defective condition. In response, plaintiff argued that the notice provided was adequate because, when considered together, the various notices and photographs provided defendant with sufficient information to investigate and remedy the defect. Additionally, plaintiff argued that a map showed that Martin Luther King Avenue did, in fact, cross over the Flint River.

The trial court denied defendant's motion for summary disposition, concluding that plaintiff's notice substantially complied with the requirements of MCL 691.1404(1). The trial court noted that, in describing the location of her fall, plaintiff had identified "the location of the defect as being in various places." Further, the trial court recognized that, contrary to plaintiff's representations, as shown on plaintiff's map of the area, Martin Luther King Avenue clearly did *not* cross the Flint River, which was instead traversed via Saginaw Street. Nevertheless, the trial court found plaintiff's identification of the defect's location sufficient. Emphasizing plaintiff's photographs, the trial court reasoned that plaintiff's notice "certainly" gave defendant the opportunity to investigate plaintiff's claim as demonstrated by the fact that defendant actually remedied any defect within three days of plaintiff's fall. Defendant now appeals as of right.

On appeal, defendant argues that the trial court erred in denying its motion for summary disposition. As in the trial court, defendant argues that plaintiff's notice did not comply with the requirements of MCL 691.1404(1). Specifically, defendant emphasizes that the location identified by plaintiff does not exist because Martin Luther King Avenue does not cross the Flint River. Defendant also contends that this obviously flawed description is not cured by plaintiff's photographs, which depict several patched areas of sidewalk without providing any clarity as to where plaintiff's fall is alleged to have occurred. We agree.

We review a trial court's denial of a motion for summary disposition de novo. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). Likewise, decisions regarding the applicability of governmental immunity and statutory exceptions to governmental immunity involve questions of law, which we review de novo. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). Underlying questions of statutory interpretation are also reviewed de novo. *Yono v Dep't of Transp*, 499 Mich 636, 645; 885 NW2d 445 (2016).

Generally, a governmental agency is immune from tort liability if it is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1); *Yono*, 499 Mich at 646. There are six statutory exceptions to the general grant of immunity. *Hannay v Dep't of Transp*, 497 Mich 45, 60 n 34; 860 NW2d 67 (2014). As relevant to this appeal, the highway exception provides that "[e]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1). Under this exception, an individual may "recover the damages suffered by him or her resulting from a municipality's failure to keep highways—including sidewalks, MCL 691.1401(c)—in reasonable repair and in a condition reasonably safe and fit for travel." *Bernardoni v Saginaw*, 499 Mich 470, 473; 886 NW2d 109 (2016) (citation and quotation marks omitted). See also MCL 691.1402(1); MCL 691.1402a(2).

However, it is well-settled that the Legislature may place conditions or limitations on the imposition of liability on a governmental agency. *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012). One of these conditions is found in MCL 691.1404, which imposes a notice

requirement upon a plaintiff as a condition to any recovery for injuries sustained by reason of a defective highway. See *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 203-204, 212; 731 NW2d 41 (2007). The statute provides, in relevant part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

The language of the statute is clear and it must be enforced as written, meaning that noncompliance with this provision will not be excused and the failure to comply with the statute requires dismissal of a plaintiff's claim, regardless of a showing of actual prejudice to the defendant. *McCahan*, 492 Mich at 744-745; *Rowland*, 477 Mich at 200, 219. The purpose of the notice requirement is to give the governmental agency the opportunity to investigate the claim while the evidence is still fresh and to cure the defect before other individuals are injured. *Burise v City of Pontiac*, 282 Mich App 646, 652; 766 NW2d 311 (2009). In addition to providing officials with information to investigate the alleged defect, the notice requirement also serves the purpose of confining the potential plaintiff to a specific spot where the injury was alleged to have occurred. *Dempsey v Detroit*, 4 Mich App 150, 152; 144 NW2d 684 (1966).

The notice required by MCL 691.1404 need not be in any particular form, but it must identify the exact location and the nature of the defect, the injury sustained, and witnesses to the injury's occurrence. *Burise*, 282 Mich App at 653-654. Notably, because the notice is required of "an average citizen for the benefit of a governmental entity," this Court has recognized that the notice requirement should be construed "to avoid penalizing an inexpert layman for some technical defect." *Plunkett v Dep't of Transp*, 286 Mich App 168, 176; 779 NW2d 263 (2009). Consequently, the information provided in the notice "need only be understandable and sufficient to bring the important facts to the governmental entity's attention." *Id.* Further, the sufficiency of the notice of a claim is contingent upon the entire notice and all of the facts stated therein. See *Rule v Bay City*, 12 Mich App 503, 507-508; 163 NW2d 254 (1968). "Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects." *McLean v Dearborn*, 302 Mich App 68, 75; 836 NW2d 916 (2013) (citation omitted). In other words, substantial compliance with the notice requirement may suffice as long as the plaintiff's description of the nature of the defect, combined with other aspects, such as the specific description of the location and time and nature of the injuries, is sufficient to clarify or remedy an ambiguity or deficiency. *Plunkett*, 286 Mich App at 177.

With regard to the requirement that a plaintiff provide notice of the "exact location" of the defect, a description of the location is deficient if it includes an incorrect address without other means of identifying the location. *Jakupovic v City of Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011); *Thurman v City of Pontiac*, 295 Mich App 381, 385-386; 819 NW2d 90 (2012). Likewise, without clarifying information, a description that places the defect somewhere near the intersection of two roads or that provides an address "near" the defect without providing more specific information, such as the fact that the defect is in actuality 40 yards away, is too vague to identify the place of injury and to comply with the statute. See *Thurman*, 295 Mich

App at 385, citing *Dempsey*, 4 Mich App at 151-152; *Smith v City of Warren*, 11 Mich App 449, 452-453; 161 NW2d 412 (1968). Moreover, the fact that a governmental entity actually succeeds in finding a defect and making repairs is immaterial to the adequacy of the notice given because "the notice must describe the place of injury sufficiently to make it identifiable from the notice itself." *Dempsey*, 4 Mich App at 151-152.

In the present case, plaintiff first provided defendant with notice of a location that does not exist. Specifically, the damage claim form identified the location of the fall as "M. L. K. – Bridge over FLINT RIVER." However, Martin Luther King Avenue does not cross the Flint River. By failing to specify an existing location, plaintiff clearly failed to identify "the exact location" of the defect. Cf. *Jakupovic*, 489 Mich at 939; *Thurman*, 295 Mich App at 385-386.

Aside from the damage form submitted by plaintiff, the notice provided by plaintiff's attorney added confusion, rather than clarity, to the location of the alleged defect. The notice provided by plaintiff's attorney described the location in question as: "Flint River Park, on Martin Luther King, south lane sidewalk on the bridge over the river." This description includes a variety of geographical markers: (1) the Flint River Park, (2) Martin Luther King Avenue, and (3) the south lane sidewalk on the bridge over the river. But, it is entirely unclear what is meant by reference to these locations given that, as noted, Martin Luther King Avenue does not cross the Flint River. Rather, Saginaw Street crosses the river. Thus, insofar as the notice indicates that the defect is on a sidewalk on the bridge, because the street going over the bridge is not correctly identified, plaintiff's notice is deficient. See *Jakupovic*, 489 Mich at 939; *Thurman*, 295 Mich App at 385-386. Conversely, to the extent the notice suggests that the defect is in Flint River Park on Martin Luther King Avenue, such a description is clearly at odds with the assertion that the defect is on a bridge because, again, Martin Luther King Avenue does not cross the river. Such imprecise and inconsistent—indeed, incorrect—information, falls far short of identifying the exact location of the defect as required by MCL 691.1404(1). See *Jakupovic*, 489 Mich at 939; *Thurman*, 295 Mich App at 385-386. At best, when the notices are read together, the various locations identified by plaintiff suggest a general area in Flint. But, simply alleging a location in a general area is too vague a description to satisfy the notice requirement in MCL 691.1404(1). See *Dempsey*, 4 Mich App at 151-152; *Smith*, 11 Mich App at 452.

Lastly, we also conclude that plaintiff's photographs fail to cure the insufficiency of her written descriptions. The first photograph depicts a lengthy view of the sidewalk with various patches of asphalt over the sidewalk area. The second photograph is a close-up of two or three large asphalt patches on the sidewalk. Although the images depict numerous patches, plaintiff does not identify the exact area of patching that constitutes the location of her trip and fall. Without more specificity from plaintiff, there is no way to determine from the photographs which of the various similar-looking patches constitutes the "exact location" of the defect.

Moreover, even considering the patches collectively, there is no way to determine the location of the patches from the photographs. Both photographs show relatively generic shots of sidewalk, devoid of street signs or distinguishing landmarks that would alert a viewer to the

-4-

"exact location." There is also nothing particularly unique about a patched sidewalk.[1] Cf. *Rule*, 12 Mich App at 508. Indeed, the scenes shown in the pictures resemble any number of repaired sidewalks across various cities in Michigan and the United States. Such commonplace images are not sufficient, on their own, to impart notice of the defect's exact location. And, because plaintiff's written explanations contain inconsistent and imprecise descriptions involving a nonexistent location, there is no written reference point to give context or meaning to these generic photographs. Cf. *McLean*, 302 Mich App at 76 (finding presuit notice sufficient when the defect was described as being located "directly across the street from 1136 Mason, Dearborn" and the pictures showed landmarks, such as a light post, a large line in the concrete, and the doorway of the building, which would assist the city in locating the hole in the concrete). Quite simply, even when plaintiff's written description is considered in conjunction with her photographs, she has failed to provide understandable and sufficient information to bring the exact location of the defect to defendant's attention. See *Plunkett*, 286 Mich App at 176-177.

Given her failure to identify the exact location of the defect, it is clear that plaintiff has failed to substantially comply with the notice requirements of MCL 691.1404(1). Having failed to fulfill the presuit notice requirement of MCL 691.1404(1), plaintiff cannot pursue her claim. See *Rowland*, 477 Mich at 201. Thus, plaintiff's claim must be dismissed, and the trial court erred by denying defendant's motion for summary disposition.

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra

---

[1] In finding plaintiff's notice sufficient, the trial court emphasized that the pictures showed patches, suggesting that notice must have been sufficient because it appeared that defendant had found the defective sidewalk and made repairs. However, there is no evidence that the repairs shown in the pictures were undertaken as a result of the notice provided by plaintiff or that defendant located the area based on plaintiff's descriptions. More importantly, it is ultimately irrelevant whether defendant repaired the defect because, regardless of defendant's conduct, the notice must describe the place of injury sufficiently to make it identifiable from the notice itself. *Dempsey*, 4 Mich App at 151-152. Thus, the fact that defendant made repairs is not dispositive.