DEMPSEY *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NOTICE—LOCATION.

A notice to a city of injury sustained by plaintiff because of a defect in a public sidewalk, in order to be sufficient, must contain a description of the place of the accident so definite as to enable the interested parties to identify it from the notice itself (CL 1948, § 242.8).

2. SAME—DEFECTIVE SIDEWALK—NOTICE—LOCATION.

A notice to a city of injury sustained by plaintiff because of defective sidewalk, which described location of defect as "sidewalk on Adams and Woodward," *held,* to be legally insufficient because it did not indicate at which of four corners of intersection the defect existed (CL 1948, § 242.8).

3. SAME—DEFECTIVE SIDEWALK—STATUTE—NOTICE.

The purpose of statutory requirement that notice of defective sidewalk be given to city was not only to enable its officers to investigate, but also to confine plaintiff to a specific spot where injury was alleged to have occurred (CL 1948, § 242.8).

4. COSTS—PUBLIC QUESTION—MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK.

No costs are allowed in action against city for injuries sustained by fall on a sidewalk, alleged to be defective, a public question being involved (CL 1948, § 242.8).

Appeal from Wayne; Montante (James), J. Submitted Division 1 March 2, 1966, at Detroit. (Docket No. 661.) Decided September 13, 1966.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 38 Am Jur, Municipal Corporations § 695.
Sufficiency of notice of claim against municipality as regards description of place where accident occurred. 62 ALR2d 340,
[4] 5 Am Jur 2d, Appeal and Error § 1009.

Complaint by Helen I. Dempsey against the City of Detroit for injuries received in fall on defective sidewalk.    Summary judgment for defendant. Plaintiff appeals.    Affirmed.

*Mansfield, Sulzbach & Jones (George A. Jones,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, and *Alfred Sawaya* and *Andrew F. Valenti,* Assistants Corporation Counsel, for defendant.

McGREGOR, P. J.    The plaintiff in this case, an elderly woman, allegedly suffered a fractured hip and other serious injury when she fell upon a broken sidewalk within the corporate limits of the defendant city, on May 14, 1964.    By letter of July 2, 1964, her attorney gave notice of this injury to the corporation counsel of the defendant city.    This letter identified the location of the accident merely as "sidewalk on Adams and Woodward".

On October 30, 1964, the plaintiff brought this action in Wayne county circuit court, to recover damages for her injury.    The trial court granted the defendant city's motion for summary judgment, dismissing the complaint on the grounds that the notice did not specify the location of the defective sidewalk, as required by the former statutory provisions then in effect.    CL 1948,   § 242.8 (Stat Ann 1958 Rev § 9.598).    The trial judge held that the notice was fatally deficient because it failed to indicate at which of the four corners of the intersection of Adams and Woodward the defective section of sidewalk, which allegedly caused the plaintiff's injury, was located.

On appeal, as in the trial court, the plaintiff contended that the city is estopped to defend on the basis of deficient notice of the defect in the sidewalk

because, on the basis of said notice, the city had no difficulty in finding the defect and making the necessary repairs. This argument was obviated by *Barribeau* v. *City of Detroit* (1907), 147 Mich 119, which, in interpreting a statutory predecessor of CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598), held that a notice of personal injury caused by a defect in a sidewalk was legally insufficient because it failed to state at which of the four corners of an intersection the defective condition was located. In that case the court held that the purpose of the notice requirement was not only to enable the city officers to investigate but also to confine the potential plaintiff to a specific spot where the injury was alleged to have occurred. Since the notice must describe the place of injury sufficiently to make it identifiable from the notice itself, it is immaterial whether or not the city has repaired the defect. The rationale of *Barribeau* was approved in *Overton* v. *City of Detroit* (1954), 339 Mich 650.

The judgment of the trial court is affirmed. No costs are awarded because of the public nature of the question involved.

HOLBROOK and QUINN, JJ., concurred.