THURMAN v CITY OF PONTIAC

Docket No. 300396. Submitted January 11, 2012, at Detroit. Decided January 19, 2012. Approved for publication February 14, 2012, at 9:00 a.m.

Patrick Thurman brought a negligence action in the Oakland Circuit Court against the city of Pontiac for injuries sustained when he tripped and fell on an allegedly defective public sidewalk. Thurman notified the city of his injuries within 120 days as required by MCL 691.1404(1) and identified the accident location as "35 Huron, Pontiac, Michigan." The city moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that because Thurman did not sufficiently identify the exact location of his alleged injury, as required by MCL 691.1404(1), it was entitled to judgment as a matter of law on the basis of governmental immunity. The court, Rudy J. Nichols, J., accepted additional photographic evidence of the accident site from Thurman and denied the motion, concluding that Thurman's notice was more than adequate and had identified the location sufficiently to enable the city to identify the location. The city appealed.

The Court of Appeals *held*:

The circuit court erred by denying the city's motion for summary disposition on the basis of governmental immunity. Under the highway exception to governmental immunity, MCL 691.1402(1), a governmental agency with jurisdiction over a particular highway has a duty to maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. This includes the duty to maintain sidewalks. MCL 691.1401(e). Under MCL 691.1404(1), a plaintiff must notify the governmental defendant of his or her claim in a timely manner in order for the highway exception to apply. While the notice need not be in any particular form, it must be provided within 120 days of the plaintiff's injuries and specify the exact location and nature of the defect, the injury sustained, and the names of witnesses known at the time by the claimant. To qualify, the notice must specify details such as the corner of the intersection at which the alleged defect is located as well the side of the road on which it is located. Thurman's notice that the injury occurred at "35 Huron, Pontiac,

Michigan" did not provide adequate notice of the location of the defect because it did not specify whether it was at 35 West Huron or 35 East Huron Street, both of which were addresses in the city, or whether it was located on the north or south side of the road. The court also erred by considering the photographs submitted by Thurman as part of his notice because they were submitted after the city filed its motion for summary disposition, which was more than 120 days after the injury and therefore should not have been considered as part of the notice even though the untimely submission did not prejudice the city.

Reversed and remanded for entry of a judgment in favor of the city.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — NOTICE OF CLAIMS — EXACT LOCATION OF ACCIDENT.

Under the highway exception to governmental immunity, a governmental agency with jurisdiction over a particular highway has a duty to maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel; this includes the duty to maintain sidewalks; a plaintiff alleging an injury from the agency's failure to do so must notify the governmental defendant of his or her claim in a timely manner in order for the highway exception to apply; while the notice need not be in any particular form, it must be provided within 120 days of the plaintiff's injuries and specify the exact location and nature of the defect, the injury sustained, and the names of witnesses known at the time; to qualify, the notice must specify details such as the corner of the intersection at which the alleged defect is located as well the side of the road on which it is located (MCL 691.1401[e]; MCL 691.1402[1]; MCL 691.1404[1]).

*Varjabedian Attorneys, P.C.* (by *Christopher S. Varjabedian* and *Anthony Vitucci, Jr.*), for Patrick Thurman.

*Johnston, Sztykiel, Hunt, Goldstein, Fitzgibbons & Clifford, P.C.* (by *Eric S. Goldstein*), for the city of Pontiac.

Before: JANSEN, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM. Defendant, the city of Pontiac (the City), appeals by right the circuit court's denial of its motion

for summary disposition brought pursuant to MCR 2.116(C)(7) on the basis of governmental immunity.[1] We reverse and remand for entry of judgment in favor of the City.

On March 3, 2010, plaintiff was walking in the City when he fell on a public sidewalk, sustaining injuries to his left leg. Plaintiff alleged that he had tripped on a portion of the sidewalk that was cracked or uneven. On April 15, 2010, plaintiff notified the City in writing that he had tripped on an allegedly defective sidewalk while "walking east on Huron Street" and that his injury had occurred at "35 Huron, Pontiac, Michigan."

On May 28, 2010, plaintiff commenced a negligence action in the Oakland Circuit Court, claiming that the City had failed to maintain the sidewalk in reasonable repair and that the sidewalk was unsafe for public travel. The City moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff had failed to comply with MCL 691.1404(1) because his notice was not sufficiently detailed. In particular, the City argued that the words "35 Huron, Pontiac, Michigan" did not sufficiently identify the *exact location* of plaintiff's alleged injury. The City claimed that the language of the notice was ambiguous because there was both a 35 West Huron Street and a 35 East Huron Street. Accordingly, the City argued, it was entitled to judgment as a matter of law on the ground of governmental immunity.

On August 30, 2010, plaintiff responded to the City's motion for summary disposition. Plaintiff maintained that he had fully complied with MCL 691.1404(1) and that his notice had been sufficiently specific. Plaintiff

---

[1] The denial of a motion for summary disposition brought pursuant to MCR 2.116(C)(7) on the basis of governmental immunity is appealable by right. MCR 7.203(A)(1); MCR 7.202(6)(a)(v).

also submitted several photographs of the sidewalk, street, and buildings in the location of his fall. Plaintiff argued that the photographs made clear that he had fallen in the area of 35 *West* Huron Street.

In reply, the City reiterated its position that plaintiff's description of the location of his fall was deficient. The City further argued that the circuit court should not consider the late-filed photographic evidence because it was not submitted with plaintiff's original notice.

At oral argument, the circuit court observed that although there is both a 35 West Huron Street and a 35 East Huron Street in the city of Pontiac, "plaintiff's notice did still identify the location sufficiently so as to enable [the City] to identify the location . . . ." The court determined that plaintiff's notice provided the City "more than adequate notice" and that "plaintiff did identify the exact location of [his] injury." On September 22, 2010, the circuit court entered an order denying the City's motion for summary disposition for the reasons stated on the record.

The grant or denial of a motion for summary disposition is reviewed de novo. *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010). "Similarly, the applicability of governmental immunity is a question of law that this Court reviews de novo." *Id*. A plaintiff who asserts a claim against a governmental agency " 'must plead in avoidance of governmental immunity' " by "stat[ing] a claim that fits within a statutory exception . . . ." *Kendricks v Rehfield*, 270 Mich App 679, 681; 716 NW2d 623 (2006) (citation omitted).

"[T]he immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000).

Under the highway exception to governmental immunity, a governmental agency with jurisdiction over a particular highway has a duty to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1). This includes sidewalks. MCL 691.1401(e). However, before the highway exception can apply, the plaintiff must timely notify the governmental defendant of his or her claim in accordance with MCL 691.1404(1). *Plunkett v Dep't of Transp*, 286 Mich App 168, 176; 779 NW2d 263 (2009). The notice provided under MCL 691.1404(1) need not be in any particular form, *id.*, but must be provided within 120 days of the plaintiff's injury, MCL 691.1404(1); *Burise v City of Pontiac*, 282 Mich App 646, 654; 766 NW2d 311 (2009). The notice must also "specify the *exact location* and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." MCL 691.1404(1) (emphasis added).

In *Smith v City of Warren*, 11 Mich App 449, 452-453; 161 NW2d 412 (1968), the plaintiff notified the governmental defendant that she had been injured as the result of an alleged defect in the roadway at " 'Thirteen Mile and Hoover, near the address of 11480 Thirteen Mile Road.' " This Court held that the plaintiff's notice was not sufficiently detailed and did not specify the exact location of the alleged defect because it did not mention that the defect in question was actually on the south side of Thirteen Mile Road and approximately 40 yards away from the stated address. *Id.* Similarly, in *Dempsey v Detroit*, 4 Mich App 150, 151; 144 NW2d 684 (1966), an elderly plaintiff was injured after she fell on an allegedly defective sidewalk. Before filing suit, the plaintiff notified the governmental defendant merely that the defect was located at " 'Adams and Woodward.' " *Id.* Relying on *Barribeau v Detroit*, 147

Mich 119, 124-126; 110 NW 512 (1907), the *Dempsey* Court held that the plaintiff's notice was insufficient as a matter of law because it did not specify at which of the four corners of the intersection the alleged defect was located. *Dempsey*, 4 Mich App at 151-152.

Turning to the instant case, plaintiff's notice merely stated that the alleged defect in the City's sidewalk was located at "35 Huron, Pontiac, Michigan." Plaintiff's notice did not specify whether the alleged defect was located at 35 West Huron Street or 35 East Huron Street, both of which are actual addresses in the city of Pontiac. See *Jakupovic v City of Hamtramck*, 489 Mich 939 (2011). Nor did plaintiff's notice specify whether the alleged defect was located on the north side or south side of Huron Street. *Smith*, 11 Mich App at 452-453. We conclude that the circuit court erred by denying the City's motion for summary disposition because plaintiff's notice to the City did not "specify the exact location . . . of the defect" within the meaning of MCL 691.1404(1). See *id.*; *Dempsey*, 4 Mich App at 151-152. Nor was the photographic evidence provided by plaintiff in response to the City's motion for summary disposition sufficient to cure the otherwise insufficient notice. The photographs were submitted more than 120 days after plaintiff's injury, and it was therefore improper for the circuit court to consider them as part of plaintiff's notice. MCL 691.1404(1); *Burise*, 282 Mich App at 654. This is true even if the untimely submission of the photographs did not prejudice the City in any way. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007).

Because plaintiff's notice did not specify the *exact location* of the alleged defect within the meaning of MCL 691.1404(1), the notice was insufficient, plaintiff was not entitled to proceed against the City under the

highway exception, and the City was entitled to governmental immunity as a matter of law. The circuit court erred by denying the City's motion for summary disposition brought pursuant to MCR 2.116(C)(7). We accordingly reverse the circuit court's denial of the City's motion for summary disposition and remand for entry of judgment in favor of the City consistent with this opinion.

Reversed and remanded for entry of judgment in favor of the City. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, a public question having been involved.

JANSEN, P.J., and WILDER and K. F. KELLY, JJ., concurred.