# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA HEISER,

        Plaintiff-Appellant,

UNPUBLISHED
October 6, 2015

v

CITY OF FLINT,

        Defendant-Appellee.

No. 321812
Genesee Circuit Court
LC No. 13-100717-NO

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that granted summary disposition to defendant. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In June 2012, plaintiff says she tripped and fell on an uneven sidewalk slab in Flint, and broke her wrist in the process. She mailed a damage claim to Flint City Hall via regular mail on August 7, 2012, and alleged that:

> I was walking down E. Atherton going to Red Arrow Rd. As I was walking on the sidewalk on Red Arrow Rd. I tripped over a 2 inch sidewalk slab and broke my wrist on my right hand. I am a right handed person and now I have to do everything left[-]handed. The building I fell in front of starts with a K. It is an apt. building on Red Arrow Rd.

Soon thereafter, plaintiff's attorneys sent a letter to the City Attorney's Office via certified mail that provided plaintiff's name and the date of her purported fall and injury.[1] Neither plaintiff's damage claim nor her lawyers' letter specified the address or exact location of the dilapidated sidewalk. Plaintiff also did not send Flint photographs or diagrams that might

---

[1] In relevant part, the letter reads: "This letter is to advise you that our law firm has been retained by Laura Heiser for injuries sustained in an accident which occurred on a Flint City Sidewalk on 06/11/2012. The injuries include, but are not limited to [sic] broken right wrist."

-1-

have helped the city locate the sidewalk in the absence of a precise street address. The city accordingly denied her claim for damages, which led to the initiation of this suit.

In March 2014, the Genesee Circuit Court granted Flint summary disposition pursuant to MCR 2.116(C)(7). In a written opinion, the court noted that the city was immune from suit under the Governmental Tort Liability Act ("GTLA")[2] because plaintiff failed to comply with the notice requirements of MCL 691.1404. Such compliance is required of a plaintiff who brings a tort claim against a governmental entity on the basis of a sidewalk-related injury.

On appeal, plaintiff claims that the trial court erred when it granted Flint summary disposition because she: (1) substantively complied with MCL 691.1404; and (2) deserves lenient treatment as a layman not versed in the "technical" requirements of the law. The city stresses that it is immune from suit because plaintiff utterly failed to comply with the mandates of MCL 691.1404, in that she provided only a vague description of the area in which she fell, and failed to serve her damage claim personally or via certified mail.

## II. STANDARD OF REVIEW

A trial court's grant of summary disposition is reviewed de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). Summary disposition is proper under MCR 2.116(C)(7) when statutory immunity bars a plaintiff's claim. *Beals v State*, ___ Mich ___; ___ NW2d ___ (2015); slip op at *7. "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dept*, ___ Mich App ___; ___ NW2d ___ (2015), slip op at *3-4.

Statutory interpretation is a question of law, which is also reviewed de novo. *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 739; 641 NW2d 567 (2002).

## III. ANALYSIS

The GTLA provides "governmental agencies"[3] with immunity from tort liability when the agency is engaged in a "governmental function." *Genesee Co Drain Comm'r v Genesee Co*, ___ Mich App ___; ___ NW2d ___ (2015), slip op at *5-6. To overcome governmental immunity for tort liability, plaintiffs "must either (1) plead a tort that falls within one of the GTLA's stated exceptions, or (2) demonstrate that the alleged tort occurred outside of the exercise or discharge of a governmental function." *Id*. at *6.

---

[2] MCL 691.1401 *et seq.*

[3] The GTLA defines "governmental agency" to mean "this state or a political subdivision." MCL 691.1401(a). In turn, "political subdivision" is defined to include a "municipal corporation," such as defendant city of Flint. See MCL 691.1401(d) and (e).

One such exception to governmental immunity enumerated in the GTLA is contained at MCL 691.1402. This subsection provides that a governmental agency with jurisdiction over a highway may be liable if it breaches its duty to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1). The definition of "highway" includes a sidewalk. MCL 691.1401(c). "However, before the highway exception can apply, the plaintiff must timely notify the governmental defendant of his or her claim in accordance with MCL 691.1404(1)." *Thurman v City of Pontiac*, 295 Mich App 381, 385; 819 NW2d 90 (2012).

MCL 691.1404 provides, in relevant part:

(1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. . . .

Because the language of MCL 691.1404 is "straightforward, clear, unambiguous, and not constitutionally suspect," its mandates "must be enforced as written." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007). For this reason, it is inappropriate for courts to engage in "saving constructions" of MCL 691.1404 that will grant plaintiffs a favorable outcome if they nonetheless fail to comply with the plaint terms of the statute. *McCahan v Brennan*, 492 Mich 730, 733; 822 NW2d 747 (2012). "Although under some circumstances this Court will conclude that a notice is sufficient despite a technical defect . . . the plaintiff must at least 'adequately' provide the required information." *McLean v City of Dearborn*, 302 Mich App 68, 75; 836 NW2d 916 (2013).

Of all the requirements contained in MCL 691.1404, the instruction that a claimant "specify the exact location . . . of the defect" is especially important. This is because the governmental entity that maintains the public highway must know where the defect is located "to investigate the claim while it is fresh and to remedy the defect before another person is injured." *McLean*, 302 Mich App at 76. Accordingly, Michigan law states that when MCL 691.1404 instructs claimants to "specify the exact location . . . of the defect," they must do just that. See, for example, *Thurman*, 295 Mich App at 383 (holding plaintiff's notice submission, which specified defect's location on "35 Huron," insufficient under MCL 691.1404 because plaintiff failed to specify whether the injury occurred on "35 West Huron" or "35 East Huron"); and *Jakupovic v City Of Hamtramck*, 489 Mich 939, 939; 798 NW2d 12 (2011) (holding plaintiff's notice submission insufficient under MCL 691.1404 because it provided an address for the defect that was one house away from the defect's actual location).

Here, plaintiff failed to provide Flint with the "exact location" of the sidewalk where she supposedly injured herself. Instead, she gave a vague description of the general area:

> I was walking down E. Atherton going to Red Arrow Rd. As I was walking on the sidewalk on Red Arrow Rd. I tripped over a 2 inch sidewalk slab and broke my wrist on my right hand. . . . The building I fell in front of starts with a K. It is an apt. building on Red Arrow Rd.

Further, she provided no photographs or diagrams to help Flint locate the defective sidewalk, which might have compensated for her inability to produce a precise address. And her lawyers' letter to the city provided no indication whatsoever of the defective sidewalk's location. For this reason alone—the fact that plaintiff failed to tell the city the precise location of the defective sidewalk—her claim must fail.[4]

Though plaintiff avers that she should receive special treatment and exemption from MCL 691.1404's clear mandates, ignorance of the law is no excuse for failure to comply with it. *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 488; 822 NW2d 239 (2012). And while plaintiff may be a layman on the matter of statutory interpretation, her lawyers certainly are not. Despite the fact that plaintiff's claim of damages obviously did not satisfy the notice requirements of MCL 691.1404, the letter from plaintiff's attorneys made no effort to amend this mistake.

Accordingly, the trial court properly held that plaintiff failed to abrogate Flint's governmental immunity from tort suit under MCL 691.1402, and granted summary disposition to the city pursuant to MCR 2.116(C)(7).

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad

---

[4] We also note that plaintiff failed to comply with MCL 691.1404(2), because she did not personally "serve" her notice on the relevant city officials, nor did she send it by certified mail. Plaintiff provides no authority for her argument that her notice satisfied MCL 691.1404's service and mailing requirements simply because it reached the proper parties. This is likely because Michigan law suggests that such non-complying notice *does not* satisfy the mandates of MCL 691.1404. See *McCahan*, 492 Mich at 743-745 (barring plaintiff's claim for failure to comply with notice requirements despite fact that defendant had constructive notice of plaintiff's intent to file a claim); and *Rowland*, 477 Mich at 219 (holding that a claim under MCL 691.1404 must comply with statutory requirements regardless of whether the plaintiff's noncompliance results in actual prejudice to defendant).