# STATE OF MICHIGAN

# COURT OF APPEALS

KAMAL NASSAR,

       Plaintiff-Appellant,

v

CITY OF DEARBORN,

       Defendant-Appellee.

UNPUBLISHED
April 20, 2017

No. 330653
Wayne Circuit Court
LC No. 14-010530-NO

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

MURRAY, J., (*dissenting*).

I respectfully dissent from the majority opinion's conclusion to reverse the trial court's order granting defendant city of Dearborn's motion for summary disposition. For the reasons briefly expressed below, I would affirm the trial court's order.

As the majority opinion accurately states, the statute at issue, MCL 691.1404(1), is clear and straightforward and provides that the notice required "shall specify the exact location and nature of the defect . . . ." Although our Court, in *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009), said that a notice complies with the statute so long as it is in substantial compliance with the statutory requirements, our Court and, more importantly, the Michigan Supreme Court, continue to enforce the statutory requirement that the "exact location" of the defect be provided in a notice, see *Jakupovic v City of Hamtramck*, 489 Mich 939 (2011) and *Thurman v City of Pontiac*, 295 Mich App 381, 386; 819 NW2d 90 (2012). Here, there is no dispute that the notice did not provide the exact location of the pothole. Although the picture attached to the notice would, upon close inspection, likely notify the city that the defect was not located where described, it does not necessarily follow from that same information that the defect was further down the road past the service drive where it was actually located. Under the standard set forth by the statute, our Court, and the Supreme Court, I would conclude that plaintiff's notice was not in substantial compliance with the statute and would affirm.

/s/ Christopher M. Murray

-1-