*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NANCY DENTAMARO SEGUNA,

   Plaintiff-Appellee,

v

CITY OF DETROIT,

   Defendant-Appellant.

UNPUBLISHED
January 29, 2026
9:05 AM

No.  371007
Wayne Circuit Court
LC No.  23-015717-NO

Before:  RIORDAN, P.J., and MURRAY and MALDONADO, JJ.

MALDONADO, J. (*dissenting*).

I respectfully dissent.  Michigan courts apply a substantial-compliance standard to the notice requirements under MCL 691.1404(1) when the notice contains enough information to serve the statute's investigatory purpose. *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009).  In this case, plaintiff provided timely notice with a sufficient description of the nature and location of the defect.  Therefore, I would affirm the trial court's determination that plaintiff's notice substantially complied with MCL 691.1404(1).

Under MCL 691.1404(1), a plaintiff's recovery for injuries allegedly caused by a defective highway is conditioned on serving the government with a 120-day postinjury notice that specifies "the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant."  The statute does not prescribe a particular form for such a notice; rather, notice is sufficient so long as it is timely and "adequately" provides the required information.  See *Madbak v City of Farmington Hills*, 349 Mich App 561, 569; 28 NW3d 809 (2023).  This Court has repeatedly clarified that

> [w]hen notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention.  Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect.  The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate

-1-

the claim while it is still fresh and (2) to remedy the defect before other persons are injured.

> The requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice. A notice should not be held ineffective when in *substantial compliance* with the law. A plaintiff's description of the nature of the defect may be deemed to substantially comply with the statute when coupled with the specific description of the location, time and nature of injuries. Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects. [*Id*. at 569-570, quoting *Plunkett*, 286 Mich App at 176-177.]

Accordingly, "[t]he sufficiency of the notice is judged on the entire notice and all the facts stated therein." *Russell v Detroit*, 321 Mich App 628, 633; 909 NW2d 507 (2017).

In keeping with these tenets, this Court has approved notices that were imprecise as to the exact point of alleged defect when such a notice nonetheless served the statute's principal purposes of investigating while the claim is fresh and remedying the defect before anyone else is hurt. For example, in *McLean v Dearborn*, 302 Mich App 68, 70; 836 NW2d 916 (2013), a pedestrian sued the city when she allegedly broke her foot while stepping off a sidewalk onto a road. In examining her notice, this Court acknowledged that her written description of a "hazardous and defective city street" standing alone was insufficient to describe the defect. However, when that language about the defect was combined with color photographs showing the hole in the concrete and a description of the location as "directly across street" from a specific address, the notice sufficiently complied with MCL 691.1404(1)'s mandate to describe the nature and location of the defect.

In contrast, in *Thurman v City of Pontiac*, 295 Mich App 381, 386; 819 NW2d 90 (2012), this Court determined that the plaintiff failed to provide adequate notice when he described the location of a defective sidewalk as "35 Huron, Pontiac, Michigan," without specifying whether the defect was located at 35 *West* Huron or 35 *East* Huron—two completely different addresses—or whether the defect was located on the north or south side of Huron street. *Id*. at 386. Similarly, in *Madbak*, 349 Mich App at 571-573, this Court rejected a notice describing the location of a defect as "Near Intersection of Wilton Court and Wilton Drive, Farmington Hills MI." That description failed to clarify whether the plaintiff fell on Wilton Drive or on Wilton Court, failed to identify the direction of the defect in relation to the intersection, failed to specify how far plaintiff was from the intersection when she fell, and failed to identify any addresses or landmarks corresponding with the location of her fall. *Id*. at 571. Moreover, the notice merely alleged a "defective road," which did not convey anything about the defect's nature—or help clarify its location. *Id*. at 572-573.

In this case, plaintiff's notice sufficiently described both the nature and location of the alleged defect. Regarding the location, plaintiff's notice specifies that the incident occurred "at

Alfred Street near Shed 5[1] of the Eastern Market in the City of Detroit, State of Michigan." In describing the event, plaintiff stated that she was "walking across Alfred Street near Shed 5, when suddenly and without warning she was caused to fall due to uneven cement/roadway." That location description is more precise than the descriptions in either *Thurman* or *Madbak*. Unlike in *Thurman*, where the incomplete address made it impossible for the city to distinguish between two completely different locations, *Thurman*, 295 Mich App at 386, the identification of "Shed 5" on Alfred Street refers to one possible site. Likewise, plaintiff's description of a single street (Alfred Street) is more exact than the description in *Madbak*, which required the city to guess between two possible streets. *Madbak*, 349 Mich App at 571. The notice in the present case further identifies the roadway on Alfred Street where a pedestrian would cross and, unlike the notice in *Madbak*, orients the defect relative to a fixed landmark, Shed 5. Therefore, the trial court reasonably determined that this information was sufficient to permit the City to locate and inspect the alleged defect. Although defendant requests a photograph, GPS coordinates, or a numerical street address, the statute does not require such particularized proof when the information provided enables the agency to identify and investigate the defect. See *Plunkett*, 286 Mich App at 176-177.

With respect to the nature of the defect, plaintiff described it as "uneven cement/roadway." This is not the generic formulation rejected in *Madbak*, 349 Mich App at 573-574. Here, "uneven" explains that the roadway surface was not level or smooth. This description is coupled with a reference to "cement," which distinguishes the uneven roadway surface from potential unevenness in the surface of asphalt, brick, or adjacent sidewalks or parking lots. Absent a photograph (which, again, the statute does not require), it is difficult to articulate what additional description would have been necessary to notify the City of the defect's nature.

Defendant contends the location should have been more exact. But even if the location description could have been more precise, the notice gave defendant enough information to identify where the injury occurred and to investigate the alleged defect. See *Plunkett*, 286 Mich App at 176-177. Importantly, the notice also included *all* other elements required by the statute. It is unchallenged that plaintiff served timely notice that included an adequate description of her injury, as well as the identification of known witnesses. See MCL 691.1404(1). See *id*. at 178. Under these circumstances, I agree with the trial court and would conclude that plaintiff substantially complied with MCL 691.1404(1). Therefore, I would affirm.

/s/ Allie Greenleaf Maldonado

---

[1] Plaintiff correctly noted on appeal that the Eastern Market is commonly known by shed numbers, which are more prominent than building addresses; accordingly, referring to Shed 5 is a practical locational reference and appropriate stand-in for an address.