*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NANCY DENTAMARO SEGUNA,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant-Appellant.

UNPUBLISHED
January 29, 2026
9:05 AM

No. 371007
Wayne Circuit Court
LC No. 23-015717-NO

Before: RIORDAN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant City of Detroit appeals as of right the trial court's order denying its motion for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10).[1] On appeal, defendant argues that the 120-day postinjury notice of a highway defect sent by plaintiff Nancy Dentamaro Seguna under MCL 691.1404(1) was deficient, so it is entitled to governmental immunity from her claim. We agree. Therefore, we reverse the trial court and remand to that court for entry of summary disposition in favor of defendant.

## I. FACTS

This case arises from an alleged fall sustained by plaintiff in Detroit's Eastern Market on June 11, 2022. In December 2023, plaintiff filed her complaint against defendant, alleging, in relevant part:

¶ 5. Notice was properly provided to the City of Detroit pursuant to MCL 691.1404 detailing the exact location of On [sic] or about June 11, 2022, Plaintiff

---

[1] While defendant identified three subrules as grounds for its motion for summary disposition, the underlying issue before the trial court and this Court concerns governmental immunity under MCR 2.116(C)(7). Thus, defendant has an appeal by right under MCR 7.202(6)(a)(*v*).

was an invitee lawfully on the premises located at Alfred Street near Shed 5 of the Eastern Market in the City of Detroit, County of Wayne, State of Michigan.

* * *

¶ 8. On May 28, 2021, Plaintiff NANCY SEGUNA, while lawfully walking at Alfred Street near Shed 5 of the Easter [sic] Market in the City of Detroit, was then and there caused to trip on the deteriorating, cement/concrete portion of the roadway causing Plaintiff to violently fall to the ground, sustaining severe and permanent injuries.

* * *

¶ 11. Defendant CITY OF DETROIT herein had a duty to exercise due care and caution for the health and well-being of persons lawfully traveling along Alfred Street, within the City of Detroit, including, and more specifically, Plaintiff NANCY SEGUNA, and further, had the duty to maintain its public sidewalks/roadways including those along Alfred Street at or near Shed 5 within the Eastern Market, in the City of Detroit in a safe manner and correct and remove any dangerous and defective conditions then and there existing to wit: a deteriorating cement/concrete portion of the roadway rendering the roadway unfit for public travel, and to obey the common laws of the State of Michigan.

Accordingly, plaintiff sought damages exceeding $25,000 from defendant for her injuries.

In March 2024, defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). In the accompanying brief, defendant explained that on August 16, 2022, it received a notice from plaintiff "vaguely describing the location of her alleged slip and fall as occurring 'at Alfred Street near Shed 5 of the Eastern Market' and describing the nature of the defect as an 'uneven cement/roadway' . . . No pictures of the alleged defect were provided." Defendant further explained that on August 22, 2022, it responded to the notice by "requesting color photographs of the *exact* location of the alleged defect . . . to properly investigate the claim. . . . On September 23, 2022, the City received an Amended Notice from [plaintiff] still vaguely describing the location of her alleged slip and fall as occurring 'at Alfred Street near Shed 5 of the Eastern Market,' but adding pictures of Plaintiff's alleged injuries[.]" Finally, defendant explained, on February 1, 2023, plaintiff "sent six (6) color photos of two (2) different locations on Alfred/Russell Street across the street from Shed 5 in the Eastern Market. . . . None of the photos show a highway defect." Consequently, defendant argued, it was entitled to summary disposition because plaintiff failed to comply with MCL 691.1404(1), which requires a 120-day postinjury notice to the governmental entity specifying "the exact location and nature of the defect." In this regard, defendant observed that "Alfred Street near Shed 5 of the Eastern Market is a large geographical area and includes a 3-way intersection," so "there was simply no way for the City to determine the exact location of her alleged fall and therefore, investigate the merits of her claim."

Defendant included documentary evidence with its motion and brief that was consistent with the factual representations therein. Exhibit 2 was a letter from plaintiff's counsel to defendant dated August 8, 2022, and titled "Notice of Intent to File Claim," stating, in relevant part:

> This letter is being written on behalf of Nancy Seguna and is to convey her intention to file a claim against the City of Detroit and/or its agents, resulting from personal injuries sustained in an injury incident that occurred at Alfred Street near Shed 5 of the Eastern Market in the City of Detroit, State of Michigan.
>
> The manner of occurrence was as follows:
>
> On June 6, 2022, at approximately 12:30 p.m., Nancy Seguna was walking across Alfred Street near Shed 5, when suddenly and without warning she was caused to fall due to uneven cement/roadway.
>
> The City of Detroit, owed a duty of reasonable care to Nancy Seguna and other members of the public and breached that duty when the City of Detroit and/or their agents allowed and/or caused a dangerous condition to exist open to the public and further failed to maintain its roadway so that it was reasonably safe and convenient for public travel.

The letter was stamped as received by defendant on August 16, 2022.

Exhibit 3 was a letter from defendant to plaintiff's counsel dated August 22, 2022, indicating that defendant had received plaintiff's notice and requesting "[c]olor photos of the exact location" so it could "properly investigate and expedite this claim."

Exhibit 4 was a letter from plaintiff's counsel to defendant dated August 8, 2022, and titled "AMENDED Notice of Intent to File Claim." That letter included virtually identical allegations as the other letter sent by plaintiff's counsel, but had a footnote stating, "This is an amended Notice to reflect the correct date of loss: June 11, 2022." (Emphasis omitted.) The letter includes a faded stamp apparently indicating that it was received by defendant on September 23, 2022.

Exhibit 5 was a letter from plaintiff's counsel to defendant dated February 1, 2023, explaining that it was in response to defendant's "request for color photographs of the location of the subject injury incident." The letter added that "upon information and belief, repairs of the hazard were made between the time of Ms. Seguna's fall and the taking of photographs." The six photographs sent by plaintiff's counsel were included with Exhibit 5 as well, and as represented by defendant in its brief for summary disposition, the photographs reflect at least two different street locations near Shed 5.

Exhibit 6 was two images from Google Maps of Alfred Street near Shed 5, which seemingly indicate that plaintiff's alleged fall could have occurred anywhere over a distance of at least a few hundred feet.

In response, plaintiff argued that her notice was sufficient because it specifically identified her alleged fall as occurring on the "roadway," i.e., not a sidewalk or parking lot, and specifically

defined the alleged defect as "uneven cement/roadway." Further, plaintiff argued, the location was specifically defined as well:

> The South Side of Shed 5 of the Eastern Market abuts Alred Street, in between Russell Street and Riopelle Street. The distance on Alred Street between Russell and Riopelle Street is approximately 469.2 feet, and the portion of the street adjacent to the south of Shed 5 is considerably shorter than 469.2 feet.

Plaintiff added that while she "did not provide the address for Shed 5 (2810 Russell St., Detroit, MI 48207), anyone who has been to the Eastern Market, knows that the buildings are more commonly identified by their Shed Numbers, than their actual addresses . . . ."

At the motion hearing, the trial court ruled in favor of plaintiff, reasoning as follows:

> All right. Well, I'm going to deny the motion on all the various -- on all the various grounds. I am going to find that there was substantial compliance with MCL 691.1404 as well as -- well, there was sufficient information provided concerning the defect. The shed number was provided. The street Alred, A-1-r-e-d, between Russell and Riopelle. This is in the Eastern Market District which are identified by sheds. Both notices were within the 120-day requirement of MCL 691.1404. There was a sufficient description of the defect to comply with MCL 469.2.[2]

> So the Court finds that there has been substantial compliance with the notice requirement and sufficient specificity as to the location and nature of the defect. So I'm going to deny the motion.

The trial court entered its written order memorializing its decision the following day. This appeal followed.

On appeal, defendant argues that the 120-day postinjury notice of a highway defect sent by plaintiff under MCL 691.1404(1) was deficient, so it is entitled to governmental immunity from her claim. In particular, defendant argues that plaintiff did not sufficiently identify the "location" or the "nature" of the alleged defect, contrary to the requirements of MCL 691.1404(1) that the notice "specify the exact location and nature of the defect . . . ." Plaintiff responds that her notice was sufficient because it "explicitly indicated that the fall occurred walking across Alfred Street, eliminating the need to investigate the sidewalks, ramps, buildings, parking lots, parking structures or any other locations aside from where pedestrians could cross the roadway." Plaintiff adds that "Alfred Street adjacent to or near Shed 5 is specific enough for anyone investigating the hazard to have to walk less than 470 feet, which would take less than two (2) minutes . . . ."

---

[2] The reference to MCL 469.2 presumably was a spoken or typographical error, as that statute was repealed in 1993 and generally concerned "Railroad Grade Crossings." Notably, plaintiff asserted in its response brief that the relevant distance on "Alred" [sic] Street where the injury could have occurred was 469.2 feet or less.

## II. STANDARD OF REVIEW

In this case, while defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10), the basis of its motion was governmental immunity under (C)(7). "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred because of immunity granted by law." *Pike v Northern Mich Univ*, 327 Mich App 683, 690; 935 NW2d 86 (2019). "The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. Any documentary evidence is viewed in the light most favorable to the nonmoving party." *Id*. (quotation marks and citations omitted). In addition, "[t]he application of governmental immunity is a question of law subject to de novo review." *Yoches v Dearborn*, 320 Mich App 461, 469; 904 NW2d 887 (2017).

## III. DISCUSSION

"Under the governmental tort liability act, MCL 691.1401 *et seq*., unless one of five exceptions applies, governmental agencies are immune from tort liability when they are engaged in a governmental function." *Wigfall v Detroit*, 504 Mich 330, 337; 934 NW2d 760 (2019). "One such exception is the highway exception, MCL 691.1402(1) . . . ." *Id*. MCL 691.1402(1) provides, in relevant part:

> A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

However, "[a] claimant seeking recovery under the highway exception must comply with the notice requirements of MCL 691.1404 . . . ." *Wigfall*, 504 Mich at 337. MCL 691.1404(1) provides, in relevant part:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

Under MCL 691.1404(1), "notice of the injuries sustained and of the highway defect must be served on the governmental agency within 120 days of the injury." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 200; 731 NW2d 41 (2007). Failure to comply with MCL 691.1404(1) is a bar to claims filed under the highway exception regardless of actual prejudice to the governmental agency. *Id*.

"[A] notice of injury and defect will not be regarded as insufficient because of a failure to comply literally with all the stated criteria. Substantial compliance will suffice." *Plunkett v Dep't of Trans*, 286 Mich App 168, 178; 779 NW2d 263 (2009) (quotation marks and citation omitted). "[T]he description of the nature of the defect may be deemed to substantially comply with the

statute when coupled with the specific description of the location, time and nature of injuries." *Id*. (cleaned up). That is, "[n]otice need not be provided in any particular form and is sufficient if it is timely and contains the requisite information." *McLean v Dearborn*, 302 Mich App 68, 74; 836 NW2d 916 (2013). "The required information does not have to be contained within the plaintiff's initial notice; it is sufficient if a notice received by the governmental agency within the 120-day period contains the required elements." *Id*. at 74-75. However, information received outside the 120-day period, including photographs, may not be considered by the courts in determining whether the notice was sufficient. See *Thurman v Pontiac*, 295 Mich App 381, 386; 819 NW2d 90 (2012) ("The photographs were submitted more than 120 days after plaintiff's injury, and it was therefore improper for the circuit court to consider them as part of plaintiff's notice.").

> When notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention. Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect. The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured.

> The requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice. A notice should not be held ineffective when in substantial compliance with the law. A plaintiff's description of the nature of the defect may be deemed to substantially comply with the statute when coupled with the specific description of the location, time and nature of injuries. Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects. [*Madbak v City of Farmington Hills*, 349 Mich App 561, 569-570; ___ NW3d ___ (2023) (cleaned up).]

To illustrate application of MCL 691.1404(1), in *Thurman*, 295 Mich App 381, this Court held that "merely stat[ing] that the alleged defect in the City's sidewalk was located at '35 Huron, Pontiac, Michigan' " was insufficient because the notice "did not specify whether the alleged defect was located at 35 West Huron Street or 35 East Huron Street, both of which are actual addresses in the city of Pontiac." *Thurman*, 295 Mich App at 386. In addition, the notice did not "specify whether the alleged defect was located on the north side or south side of Huron Street." *Id*. For these two reasons, the notice did not satisfy the MCL 691.1404(1) requirement that the notice " 'specify the exact location . . . of the defect.' " *Id*., quoting MCL 691.1404(1).

In *McLean*, in contrast, the notice expressly described a "hazardous and defective city street," included color photographs of the alleged defect, and identified a location of "directly across the street from 1136 Mason, Dearborn, Michigan." *McLean*, 302 Mich App at 75-76 (quotation marks omitted). In ruling that the notice was sufficient, this Court acknowledged that the term "hazardous and defective city street," by itself, was insufficient to describe the exact nature of the defect for the purposes of MCL 691.1404(1). *Id*. However, this Court explained, that insufficiency was remedied by the other aspects of the notice:

The pictures show a hole in the concrete surface of the road and provide landmarks, such as a light post, a large line in the concrete, and the doorway of the building directly across the street, which would assist defendant's agents in finding and repairing the defect. There are also close-up pictures of the defect. Any deficiency in the written description is therefore remedied by the inclusion of the photographs. [*Id*. at 76.]

Turning to the matter before us, the question is whether the two written notices sent by plaintiff's counsel to defendant in about August or September 2022 explaining that her injury occurred "at Alfred Street near Shed 5 of the Eastern Market" while she "was walking across Alfred Street near Shed 5, when suddenly and without warning she was caused to fall due to uneven cement/roadway," satisfied MCL 691.1404(1).[3] In light of the above authorities, we conclude that the notice was insufficient to satisfy the statute's requirement that "[t]he notice shall specify the exact location and nature of the defect . . . ."[4]

Plaintiff described the location of the injury as "at Alfred Street near Shed 5," on the street itself. However, the photographs submitted by defendant in support of its motion for summary disposition visually indicate that the portion of Alfred Street near or adjacent to Shed 5 is at least a few hundred feet. Indeed, according to plaintiff's response to that motion, the location of her injury as specified in her notice was somewhere within a range of 469.2 feet or less. This relatively substantial range is insufficiently narrow to constitute "the exact location" for the purposes of MCL 691.1404(1). See *Russell v Detroit*, 321 Mich App 628, 634; 909 NW2d 507 (2017) (explaining that "a description of a defect 'near' an address, which failed to specify that the defect was actually 40 yards away on the south side of the road, was insufficient to identify the place of injury"). This is particularly true in light of the fact that the notice did not include any other details that would directly aid with identifying the location of the alleged defect, such as referencing a particular side of the road, cardinal direction, or other landmark such as a streetlight. In other words, the location of the alleged defect, as stated in the notice, was the entire length and width of Alfred Street near Shed 5, which itself is a relatively sizable building.[5] Therefore, the notice sent by plaintiff's counsel to defendant did not specify "the exact location" of her alleged injury for the purposes of MCL 691.1404(1), and it was legally insufficient as a result. In other words, plaintiff failed to substantially comply with the statute. See *Madbak*, 349 Mich App at 569-570.

We acknowledge that MCL 691.1404(1) may be satisfied by considering the notice in its entirety, not piecemeal. See *Russell*, 321 Mich App at 635. However, there were no other details

___

[3] The six photographs sent by plaintiff's counsel to defendant in February 2023 were outside the 120-day notice period and thus cannot be considered by the courts in determining whether plaintiff satisfied MCL 691.1404(1). See *Thurman*, 295 Mich App at 386.

[4] To be precise, plaintiff sent two notices within the 120-day notice period, both of which may be considered by the courts. See *McLean*, 302 Mich App at 74-75. However, because those two notices essentially were identical, but for identifying the precise date of injury, we will refer to a singular "notice" unless otherwise appropriate.

[5] On appeal, plaintiff describes Shed 5 as "a large structure with a giant 'Shed 5' sign on its roof."

in the notice that would aid defendant in actually identifying the alleged defect for possible repair. See *Madbak*, 349 Mich App at 569-570. The notice merely described the alleged defect as "uneven cement/roadway" without any accompanying photographs or other details.[6] Thus, it is unclear from the notice whether the alleged defect was a pothole, an inclined part of the highway, a bump or gap, a divot, or any other non-parallel aspect of the highway that might fairly be considered "uneven."[7] Consequently, when reviewing the notice as a whole, it was insufficient to satisfy MCL 691.1404(1) because it did not "specify the exact location . . . of the defect . . . ."

## IV. CONCLUSION

Because plaintiff's notice did not satisfy MCL 691.1404(1), the trial court erred by denying defendant's motion for summary disposition on the basis of governmental immunity. Therefore, we reverse the trial court and remand to that court for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Christopher M. Murray

---

[6] We again note that the photographs sent by plaintiff's counsel to defendant in February 2023 cannot be considered by the courts when determining the sufficiency of the statutory notice. See *Thurman*, 295 Mich App at 386. However, according to the February 2023 letter accompanying those photographs, "upon information and belief, repairs of the hazard were made between the time of Ms. Seguna's fall and the taking of photographs." Thus, even if we could consider those photographs, they do not reflect the alleged defect in any event.

[7] Defendant argues that the description of the alleged defect as "uneven cement/roadway" was insufficient to constitute "the exact . . . nature of the defect" for the purposes of MCL 691.1404(1). We need not address this argument in light of our conclusion that the notice's description of "the exact location" was insufficient for the purposes of that statute as it was devoid of any meaningful description of the alleged defect.

-8-