*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EUGENE SMITH JR.,

      Plaintiff-Appellee,

v

CITY OF DETROIT,

      Defendant-Appellant.

UNPUBLISHED
June 09, 2026
9:14 AM

No. 375270
Wayne Circuit Court
LC No. 24-009960-NO

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) (claim barred by operation of law). Plaintiff's notice of claim identified the wrong location of the alleged sidewalk defect and therefore failed to specify the defect's exact location as required by MCL 691.1404(1). Accordingly, the trial court erred by denying defendant's motion. We reverse and remand for entry of summary disposition in favor of defendant. We also remand for consideration of defendant's request for costs and attorney fees in the first instance.

## I. FACTUAL BACKGROUND

This case arises from injuries plaintiff sustained after falling from his bicycle on June 22, 2023. According to plaintiff, he struck a hole or uneven portion of sidewalk while riding his bicycle at night, causing him to flip over the handlebars and fall. Plaintiff alleged that he injured his face, arm, and neck. He also stated that he later required a neck brace and physical therapy.

Plaintiff served defendant with a notice of claim. The notice identified the defect as being located at the intersection of Schoolcraft Road and Wyoming Avenue in Detroit, Michigan, and included latitude and longitude coordinates corresponding to that location. Plaintiff also attached photographs depicting the sidewalk defect. Plaintiff later filed a complaint alleging that the defect was located at the northwest corner of Wyoming Avenue and Schoolcraft Road. It is now undisputed, however, that the defect was not located at that intersection. Rather, the defect was located at or near Wyoming Avenue and Lyndon Street.

Defendant moved for summary disposition, arguing that plaintiff failed to provide adequate notice under MCL 691.1404(1) because the notice identified the wrong location of the alleged defect. Plaintiff responded that the notice substantially complied with the statute because it was timely, included photographs of the correct defect, and allowed defendant to investigate the claim. The trial court denied defendant's motion and granted plaintiff leave to amend his complaint. This appeal followed.

## II. ANALYSIS

## A. MCL 691.1404(1)

Defendant argues that the trial court erred by denying its motion for summary disposition because plaintiff's notice did not specify the exact location of the alleged defect as required by MCL 691.1404(1). We agree.

We review de novo the trial court's ruling on a motion for summary disposition, as well as questions of law, including questions regarding statutory interpretation. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009). Defendant moved for summary disposition under MCR 2.116(C)(7), which permits summary disposition when "a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Id*. The court must consider all documentary evidence submitted by the parties. *Id*. at 429. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*.

Governmental agencies are generally immune from tort liability "when they are engaged in a governmental function." *Wigfall v City of Detroit*, 504 Mich 330, 337; 934 NW2d 760 (2019). The highway exception, MCL 691.1402, provides a limited exception to that immunity. *Id*.; MCL 691.1402. Under MCL 691.1402(1),

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

However, recovery under the highway exception is conditioned on compliance with the notice requirement in MCL 691.1404. *Wigfall*, 504 Mich at 337. MCL 691.1404(1) provides:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection

(3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the *exact* location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant. [Emphasis added.]

"The Michigan Supreme Court has established that MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect and must be enforced as written." *Plunkett*, 286 Mich App at 176 (citation and quotation marks omitted). Accordingly, "[t]he failure to provide adequate notice under this statute is fatal to a plaintiff's claim against a government agency." *Madbak v Farmington Hills*, 349 Mich App 561, 569; 28 NW3d 809 (2023) (quotation marks and citation omitted).

That does not mean the notice must be perfect. Instead, "when notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett*, 286 Mich App at 176 (citation omitted). The notice requirement serves two basic purposes: "(1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured." *Id*. at 176-177. Thus, substantial compliance may be sufficient, and some ambiguity in one part of the notice may be clarified by other information contained in the notice. *Id*. at 177-178; *Madbak*, 349 Mich App at 570. A timely supplemental notice may also cure an otherwise inadequate initial notice. *Madbak*, 349 Mich App at 576.

The flexibility recognized in *Plunkett* and *Madbak*, however, does not eliminate the statutory requirement that the notice specify the "exact location" of the defect. MCL 691.1404(1). Nor does it allow a plaintiff to cure a defective notice with information supplied after the statutory notice period of 120 days has expired. *Thurman v Pontiac*, 295 Mich App 381, 386; 819 NW2d 90 (2012). Thus, although substantial compliance may be sufficient when the notice brings the important facts to the governmental agency's attention, the notice must still identify the location of the alleged defect with enough accuracy to allow the agency to investigate the correct defect within the statutory period. See *Plunkett*, 286 Mich App at 176-178; *Thurman*, 295 Mich App at 386.

Plaintiff was injured on June 22, 2023. Consistent with MCL 691.1404(1), he was required to serve adequate notice by October 20, 2023. Plaintiff timely served a notice of claim in July 2023. Thus, the deficiency at issue here pertains only to the location of the alleged defect. Plaintiff's notice stated that the defect was located at the intersection of Schoolcraft Road and Wyoming Avenue. The notice also provided latitude and longitude coordinates corresponding to that same intersection. Plaintiff's complaint likewise alleged that the defect was located at the "[n]orthwest corner of Wyoming and Schoolcraft." But plaintiff later acknowledged that the incident did not occur at Wyoming and Schoolcraft. Instead, the defect was located at or near the southwest corner of Wyoming Avenue and Lyndon Street. This was not a minor error in wording or a vague description of the correct area. The notice identified an entirely incorrect location. Because the statute required plaintiff to specify the exact location of the defect within 120 days of the injury, the notice did not comply with MCL 691.1404(1).

Even so, plaintiff argues that the defective notice was cured because he later supplied the correct location in an amended complaint. But information supplied after the statutory period expires cannot cure a defective notice. See *Thurman*, 295 Mich App at 386. In *Thurman*, the plaintiff's notice identified the location of a sidewalk defect as "35 Huron, Pontiac, Michigan." *Id*. The plaintiff later submitted photographs of the defect after the 120-day period expired. *Id*. This Court held that the notice was insufficient because it did not specify the exact location of the defect. *Id*. The Court also held that the photographs could not cure the defect because they were submitted outside the statutory period. *Id*. In reaching that conclusion, this Court relied on *Dempsey v Detroit*, 4 Mich App 150, 151-152; 144 NW2d 684 (1966), in which this Court held that a notice identifying only an intersection was insufficient because it did not identify which of the four corners contained the defective condition. *Thurman*, 295 Mich App at 386. *Thurman* controls the timing issue here. Here, plaintiff's amended complaint was filed after the 120-day notice period expired. Therefore, even assuming the amended complaint correctly identified the defect's location, it could not cure the defective notice. See *id*.; *Madbak*, 349 Mich App at 576.

Plaintiff contends that this case is different from *Thurman* because he timely provided photographs of the actual sidewalk defect. However, although the photographs depicted the nature of the alleged defect, they did not specify its exact location. They did not show street signs, addresses, intersections, or other identifying landmarks that would have allowed defendant to determine that the depicted defect was located near Wyoming and Lyndon rather than at Wyoming and Schoolcraft, as stated in the notice. The photographs therefore did not resolve the notice's incorrect location information. MCL 691.1404(1) places the burden on the claimant to specify the exact location of the defect. It does not require the governmental agency to disregard the claimant's stated location and search elsewhere for the defect shown in the photographs.

Plaintiff further argues that defendant was not prejudiced by the mistake in the location. That argument overlooks that the notice was still deficient, and it is improper for the trial court to consider evidence submitted after the 120-day notice period expired. In *Thurman*, this Court held that evidence submitted outside the 120-day period could not be considered as part of the notice "even if the untimely submission of the photographs did not prejudice the City in any way." *Thurman*, 295 Mich App at 386. The same principle applies here. Compliance with MCL 691.1404(1) is a condition of recovery. Whether defendant ultimately suffered prejudice from the defective notice does not excuse plaintiff's failure to satisfy the statutory requirements.

Plaintiff also contends that summary disposition was inappropriate because discovery was still ongoing when defendant moved for summary disposition, but this argument is without merit. Additional discovery would not change the fact that the notice was defective under MCL 691.1404(1). Plaintiff further contends that whether notice was proper is a question of fact for the jury. This argument likewise lacks merit. Because the relevant facts were undisputed, the legal effect of plaintiff's notice was a question for the court. *Dextrom*, 287 Mich App at 429. And because the adequacy of statutory notice is a legal question, plaintiff was not entitled to have a jury decide whether the notice satisfied MCL 691.1404(1). See *Plunkett*, 286 Mich App at 180; *Wigfall*, 504 Mich at 336-337.

Accordingly, the trial court erred by denying defendant's motion for summary disposition. Plaintiff's timely notice identified the wrong location of the alleged sidewalk defect and therefore failed to specify the exact location of the defect as required by MCL 691.1404(1). Because that

failure is fatal to plaintiff's claims, defendant was entitled to summary disposition under MCR 2.116(C)(7).

## B. COSTS AND ATTORNEY FEES

Defendant also argues that it is entitled to costs and attorney fees because plaintiff's action was frivolous. We decline to address the merits of that issue because the trial court did not review or address defendant's request in the first instance.

Generally, "[t]his Court reviews for an abuse of discretion a trial court's decision whether to award attorney fees and a determination of the reasonableness of those fees." *Ayotte v Dep't of Health & Human Servs*, 337 Mich App 29, 38; 972 NW2d 282 (2021) (citation omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

Under MCR 2.625(A)(2), "[i]f the court finds on motion of a party that an action or a defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591(1), in turn, provides:

> Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

A claim is frivolous if at least one of three conditions is met:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a)(*i*) through (*iii*).]

Whether an action is frivolous ordinarily requires findings by the trial court, and this Court reviews a trial court's frivolousness finding for clear error. See *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 589; 884 NW2d 587 (2015). Here, however, the trial court denied defendant's motion for summary disposition and did not address defendant's request for costs and attorney fees. Nor did the trial court make findings regarding whether plaintiff's action was frivolous under MCL 600.2591.

Because the trial court did not decide the issue or make findings sufficient to permit appellate review, we decline to decide in the first instance whether plaintiff's action was frivolous. See *Northland Wheels Roller Skating Ctr, Inc v Detroit Free Press, Inc*, 213 Mich App 317, 331; 539 NW2d 774 (1995) (declining to address the defendant's request for sanctions and attorney fees when the issue was not addressed by the trial court); *Home-Owners Ins Co v Andriacchi*, 320

Mich App 52, 75-76; 903 NW2d 197 (2017) (remanding for the trial court to decide a motion for sanctions and articulate the basis for its ruling). On remand, the trial court shall consider defendant's request for costs and attorney fees under MCR 2.625(A)(2) and MCL 600.2591. We express no opinion regarding whether costs and attorney fees are warranted.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado